USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/15/2019

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------ X
UNITED STATES OF AMERICA           :
                                   :
     -against-                     :
                                   :
IRVING MASON                       :    No. 96 Cr. 126 (JFK)
                                   :    **OPINION & ORDER**
            Defendant.             :
                                   :
------------------------------------ X

APPEARANCES

FOR IRVING MASON
    Pro se

FOR THE UNITED STATES OF AMERICA
    Kyle A. Wirshba
    U.S. ATTORNEY'S OFFICE

**JOHN F. KEENAN, United States District Judge**:

Before the Court is pro se Defendant Irving Mason's ("Mason") petition, pursuant to the All Writs Act (28 U.S.C. § 1651(a)), for a writ of error coram nobis or, in the alternative, a writ of audita querela. For the reasons below, this petition is denied.

### I. Background

#### A. Defendants' Sentencing

On July 28, 2000, following a jury trial, Mason was convicted of racketeering in violation of 18 U.S.C. § 1962(c) (Count One); RICO conspiracy in violation of 18 U.S.C. § 1962(d) (Count Two); conspiracy to interfere with commerce through threats or violence in violation of 18 U.S.C. § 1951 (Count

1

Six); attempt to interfere with commerce through threats or violence in violation of 18 U.S.C. § 1951 (Count Seven); and unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Eleven). On April 18, 2001, the Court sentenced Mason to twenty years' imprisonment on Count One, ten years' imprisonment on Count Two, twenty years' imprisonment on Count Six, twenty years' imprisonment on Count Seven, and ten years' imprisonment on Count Eleven. The Court held that the sentence for Count Two was to run consecutively with Count One, but that the sentences for all remaining counts were to run concurrently with Count One. Mason, therefore, received a total sentence of 30 years' imprisonment. Mason's conviction was affirmed on appeal. United States v. Mitchell, 51 Fed. App'x 355 (2d Cir. Nov. 21, 2002), cert. denied, 538 U.S. 939 (2003).

**B. Relevant Procedural History**

On May 27, 2016, Mason filed the instant petition, pursuant to the All Writs Act (28 U.S.C. § 1651(a)), requesting that the Court issue a writ of error coram nobis or, in the alternative, a writ of audita querela. (Pet. for Writ of Error Coram Nobis, ECF No. 778 (filed May 27, 2016) [hereinafter "Pet."].) Under either writ, Mason seeks relief in the form of an order holding

2

that Counts One and Two should run concurrently which would allow for his immediate release.[1]

On October 24, 2018, the Government filed its opposition to this petition. (Letter to Judge Keenan, ECF No. 795 (filed Oct. 24, 2018).)

## II. Legal Standards

Because Mason is appearing pro se, the Court construes his submissions liberally and interprets them to raise the strongest arguments they suggest. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

The All Writs Act, 28 U.S.C. § 1651(a), under which Mason's coram nobis and audita querela petition arises, is "a residual source of authority to issue writs that are not otherwise covered by statute." Pa. Bureau of Corr. V. U.S. Marshall Serv., 474 U.S. 34, 43 (1985). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Id.

## III. Discussion

### 1. Coram Nobis Relief

---

[1] The Court notes that, on December 11, 2018, Mason's co-defendant Aldo Mitchell requested permission for leave to join this petition. (See ECF No. 800.) On March 29, 2019, however, Mitchell filed a 18 U.S.C. § 3582(c)(1)(B) motion on substantially similar grounds, noting that he "now seeks to expound and expand on the legal basis" for this petition. (See ECF No. 802 at 2.) The Court interprets this submission and language as a withdrawal of Mitchell's request for leave to join this petition and will consider his motion separately.

3

"A coram nobis petition is a collateral proceeding through which a court may correct fundamental errors in a prior final judgment." Moskowitz v. United States, 64 F. Supp. 3d 574, 577 (S.D.N.Y. 2014) (citing United States v. Morgan, 346 U.S. 502, 507-08 (1954)). Since, as previously mentioned, relief under the All Writs Act is limited to issuing writs where they are not otherwise covered by statute, coram nobis relief is "not available to a petitioner who is in custody and thus able to 'pursue direct review and collateral relief by means of a writ of habeas corpus.'" Garcia v. United States, Nos. 97 Civ. 2962 (PKL), S2 90 Cr. 890 (PKL), 2009 WL 484435, at *3 (Feb. 24, 2009) (quoting Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998)); see also Moskowitz, 64 F. Supp. 3d at 577 ("Unlike with habeas corpus, however, a coram nobis petitioner is not in custody."); Garcia, 2009 WL 484435 at *4 (finding no need to reach the merits of the coram nobis petition since the petitioner was still in custody); cf. United States v. Novak, 181 F.3d 83, 83 (2d Cir. 1999) (summary order) ("Since [petitioner] is no longer in custody, he is not, on the face of his petition, barred from seeking coram nobis relief.").

As Mason is still in federal custody and, thus, could seek alternative relief, a writ of error coram nobis is unavailable to him at this time. Accordingly, his petition for coram nobis relief is denied.

## 2. Audita Querela Relief

"A writ of audita querela is an extraordinary remedy under the All Writs Act, 28 U.S.C. § 1651(a), and is generally limited to cases where 'the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues.'" Persico v. United States, 418 F. App'x 24, 25 (2d Cir. 2011) (quoting United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007)). Specifically, audita querela relief "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." Richter, 510 F.3d at 104 (quoting United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995)). The writ, thus, "survives only to the extent that it fills gaps in the current systems of postconviction relief." Id. (internal quotation and punctuation marks omitted) (quoting United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001)).

No such gaps appear here. Mason argues that a post-conviction Supreme Court ruling made clear that the Court's decision that he serve his sentences on different counts consecutively, rather than concurrently, was in error. (Pet. at 4-5 (citing Setser v. United States, 566 U.S. 231, 132 S.Ct. 1463 (2012).) This, plainly, is a challenge to the legality of

5

his sentence which must be heard as a 28 U.S.C. § 2255 motion. Cephas v. Nash, 328 F.3d 98, 103 (2d Cir. 2003) ("[F]ederal prisoners challenging the legality of their convictions or sentences must proceed by way of a" 28 U.S.C. § 2255 motion); Estrella v. United States, Nos. 11 Civ. 4639 (JFK), 01 Cr. 984-02 (JFK), 2011 WL 3667431, at *2-3 (S.D.N.Y. Aug. 22, 2011) (construing a petition for audita querela relief based on a then-recent Supreme Court holding that might render petitioner's counsel's assistance ineffective as a 28 U.S.C. § 2255 motion). As a possible 28 U.S.C. § 2255 remedy exists, audita querela relief is unavailable. See, e.g., United States v. Quintieri, 547 F. App'x 32, 33 (2d Cir. 2013) (summary order) ("[Audita querela relief] is generally not available to review a criminal conviction if the petitioner could have raised his or her claims in a 28 U.S.C. § 2255 motion."); Pipola v. United States, 430 F. App'x 31, 32 (2d Cir. 2011) (summary order) (holding that audita querela relief is unavailable because 28 U.S.C. § 2255 afforded relief for a petitioner's claim); United States v. Barnes, No. 09 Cr. 1053 (SAS), 2014 WL 1621476, at *1 (S.D.N.Y. Apr. 22, 2014) (denying relief under the All Writs Act where each of petitioner's arguments could have been brought as a 28 U.S.C. § 2255 motion).

Though audita querela relief is unavailable, construing Mason's submission liberally and interpreting it to raise the

strongest arguments it suggests, this Court construes this petition as a 28 U.S.C. § 2255 motion. Mason has, however, already made a § 2255 motion which the Court decided on its merits. See Mason v. United States, No. 04 Civ. 2198 (JFK), No. 96 Cr. 126 (JFK), 2005 WL 1902776 (S.D.N.Y. Aug. 9, 2005). As such, this is a successive motion which requires the Second Circuit to certify it before the Court can consider it. Carrao v. United States, 152 F.3d 188, 190-91 (2d Cir. 1998); 28 U.S.C. § 2255(h).[2] Since Mason did not have this petition so certified, the Court is generally without jurisdiction to address it and is required to transfer such a motion to the Second Circuit if doing so is in the interest of justice. Severino v. United States, No. 01 Cr. 392 (JFK), No. 10 Cv. 5131 (JFK), 2018 WL 4942780, at *4 (E.D.N.Y. Oct. 12, 2018) (citing 28 U.S.C. §§ 2255(h), 2244(b)(3); Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996)); see also Castellano v. United States, 967 F. Supp. 2d 768, 769 (S.D.N.Y. 2013). However, a district court need not transfer a successive motion if it is wholly without

---

[2] Notably, this restriction on successive § 2255 motions does not render audita querela relief the Defendants' only available remedy. Pipola, 430 F. App'x at 32 (citing Sines v. Wilner, 609 F.3d 1070, 1073 (10th Cir. 2010) ("[T]he remedy under § 2255 is not inadequate or ineffective merely because the statute greatly restricts second or successive motions."); Valdez-Pacheco, 237 F.3d 1077 at 1080 ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs.")).

7

merit. Avenado v. United States, No. 02CR1059-LTS, 2014 WL 7236036, at *2 (S.D.N.Y. Dec. 19, 2014) (citing Castellano, 967 F. Supp. 2d at 771). Instead, a district court should "dismiss the motion if it is clear that the narrow set of factual predicates for relief on a second or successive section 2255 petition have not been made out." Id. (citing Castellano, 967 F. Supp. 2d at 771); accord Acosta v. United States, 197 F. Supp. 3d 553, 556-57 (S.D.N.Y. 2016); Carrasco v. United States, 190 F. Supp. 3d 351, 354 (S.D.N.Y. 2016); Terrence v. Artus, No. 05 CIV. 5994DC, 2005 WL 1705299, at *2 (S.D.N.Y. July 20, 2005).

To proceed with a successive motion, Mason must demonstrate that the motion either (1) contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. § 2255(h); see also Acosta, 197 F. Supp. 3d at 557. Mason's submission presents no newly discovered evidence. The only alleged "new rule of constitutional law" on which Mason relies is from Justice Breyer's dissent in Setser (Pet. at 4-5 (citing Setser, 132 S.Ct. at 1476)) which, as a dissent, does not state controlling law. Harrington v. United States, 689 F.3d

124, 135 n.7 (2d Cir. 2012) (citing Taber v. Maine, 67 F.3d 1029, 1043-44 (2d Cir. 1995)). Since Mason has, thus, failed to demonstrate either standard, the Court declines to transfer the motion to the Second Circuit for certification under § 2255(h) and 2244(b)(3). See Acosta, 197 F. Supp. 3d at 557; Castellano v. United States, 190 F. Supp. 3d 354, 358 (S.D.N.Y. 2016).

## Conclusion

For the reasons stated above, Defendants' petition for coram nobis and audita querela relief is DENIED.

The Court declines to issue a certificate of appealability because Defendants have not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Krantz v. United States, 224 F.3d 125, 127 (2d Cir. 2000). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to terminate the motions docketed at ECF Nos. 494, 615, 772, and 778.

**SO ORDERED.**

Dated:  New York, New York
        April 15, 2019

John F. Keenan
United States District Judge