**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------X
UNITED STATES OF AMERICA            :
                                    :
     -against-                      :    No. 96 Cr. 126 (JFK)
                                    :
IRVING MASON,                       :    **OPINION & ORDER**
                                    :
                    Defendant.      :
--------------------------------------X

APPEARANCES

FOR DEFENDANT IRVING MASON:
    JaneAnne Murray
    MURRAY LAW LLC

FOR THE UNITED STATES OF AMERICA:
    Kyle A. Wirshba
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court is a motion by Defendant Irving Mason seeking a sentence reduction due to Mason's age (he is 52), preexisting medical conditions (primarily his obesity and borderline hypertension and diabetes), and the COVID-19 pandemic. Mason brings the motion pursuant to the First Step Act ("the Act"), 18 U.S.C. § 3582(c)(1)(A), commonly known as the compassionate release statute. The Government opposes Mason's motion as procedurally barred because he did not satisfy the Act's administrative exhaustion requirements before seeking judicial intervention, and substantively meritless because Mason's medical conditions, the circumstances of his incarceration, and the 18 U.S.C. § 3553(a) sentencing factors do

1

not warrant a modification to his term of imprisonment.  For the reasons set forth below, Mason's motion is DENIED.

**I. Background**

Unless otherwise noted, the following is taken from the materials the parties submitted, Mason's Presentence Investigation Report ("PSR"), revised as of March 22, 2001, the transcript of Mason's April 18, 2001 sentencing, and the Court's August 9, 2005 Opinion & Order denying Mason's 28 U.S.C. § 2255 petition to vacate his judgment of conviction, Mason v. United States, No. 04 Civ. 2198 (JFK), 2005 WL 1902776 (S.D.N.Y. Aug. 9, 2005).  In ruling on Mason's request, the Court has considered the arguments advanced in his motion, (ECF No. 825), the Government's letter in opposition, (ECF No. 829), and Mason's reply and supplemental papers, (ECF Nos. 830, 831).

On July 28, 2000, Mason was convicted by a jury of conducting and participating in the affairs of a racketeering enterprise, in violation of 18 U.S.C. § 1962; racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); conspiracy to commit robbery, in violation of 18 U.S.C. § 1951; attempted robbery, in violation of 18 U.S.C. §§ 1951 and 1952; possessing a firearm, in violation of 18 U.S.C. § 922(g); and possessing ammunition, in violation of 18 U.S.C. § 922(g). See Mason, 2005 WL 1902776, at *1.  The charges stemmed from Mason's leadership role in the 148th Street Organization, a violent drug gang that

operated in Upper Manhattan from the late 1980s through June 1999. See id.  On July 4, 1997, Mason and others attempted to rob a drug dealer who had traveled to Upper Manhattan to purchase narcotics. See id.  During the robbery, one of Mason's accomplices shot the victim several times. See id.  Mason and his accomplices fled, leaving the victim lying on the street and bleeding from multiple gunshot wounds. See id.

Mason's sentencing occurred on April 18, 2001, during which the Court found a Guideline offense level of 41 and a Criminal History Category of II.  (Sent. Tr. at 9:23–24.)  The Court sentenced Mason to 30 years' imprisonment to be followed by a three-year term of supervised release.  (Id. at 20:9–12.)  The Second Circuit affirmed Mason's conviction on November 21, 2002. See United States v. Mitchell, 51 F. App'x 355, 355 (2d Cir. 2002).  To date, Mason has served approximately 22 years of his sentence.  He is scheduled for release on January 6, 2025. See Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Dec. 21, 2020).

On November 2, 2020, Mason, through pro bono counsel, submitted a motion requesting a reduction in sentence and his immediate compassionate release due to the COVID-19 pandemic. (ECF No. 825.)  Mason's motion explained that he suffered from certain health issues—namely, a body mass index of 30 and blood pressure and hemoglobin readings that make him borderline for

3

hypertension and diabetes—and he was deeply worried about his well-being should he contract the coronavirus.  The Court ordered the Government to respond, and on November 19, 2020, the Government opposed Mason's request on the grounds that he had failed to first seek compassionate release from the Warden of his facility and, even if he had, such release would be inappropriate under the sentencing factors set forth in 18 U.S.C. § 3553(a).  (ECF No. 829.)  On November 30, 2020, Mason filed a reply in which he argued that the increasing number of infections at the facility where he is incarcerated, FCI Fort Dix, strongly weighed in favor of granting his compassionate release.  (ECF No. 830.)

**II. Discussion**

**A. Legal Standard**

18 U.S.C. § 3582(c)(1)(A) allows a court to modify a term of imprisonment "upon motion of the defendant" provided the defendant has exhausted certain administrative requirements. 18 U.S.C. § 3582(c)(1)(A).  Under these circumstances, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A)(i).  In doing so, the Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. §

4

3582(c)(1)(A).  "Application of the § 3553(a) factors requires an assessment of whether the relevant factors 'outweigh the "extraordinary and compelling reasons" warranting compassionate release . . . [and] whether compassionate release would undermine the goals of the original sentence.'" United States v. Daugerdas, --- F. Supp. 3d ---, No. 09 Cr. 581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (alterations in original) (quoting United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020)).

The Second Circuit recently ruled that the policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release, section 1B1.13 of the Sentencing Guidelines, "is not 'applicable' to compassionate release motions brought by defendants," and "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020).  Accordingly, as the court in United States v. Harris, No. 15 Cr. 445 (PAE), 2020 WL 5801051 (S.D.N.Y. Sept. 29, 2020), explained:

> when assessing a motion brought directly by an imprisoned person rather than by the BOP, the Court is constrained neither by [§] 1B1.13's enumeration of extraordinary and compelling reasons, nor by its freestanding requirement that the defendant seeking release not pose any danger to the community.  Rather, the Court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release."

5

> However, even if such reasons are present, the Court must also assure itself that release is consistent with "the factors set forth in section 3553(a) to the extent that they are applicable."

Id. at *2 (footnote and internal citations omitted).

### B.  Analysis

The Court is sympathetic to the heightened risk certain individuals face from COVID-19. See People at Increased Risk, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited Dec. 21, 2020); see also United States v. Park, 456 F. Supp. 3d 557, 560 (S.D.N.Y. 2020) ("The nature of prisons—crowded, with shared sleeping spaces and common areas, and often with limited access to medical assistance and hygienic products—put those incarcerated inside a facility with an outbreak at heightened risk.") (collecting sources).  And, on at least one occasion, it has ruled that the threat posed by the COVID-19 pandemic to a medically "high-risk" individual constitutes "extraordinary and compelling reasons" to warrant immediate compassionate release. See United States v. Smith, 454 F. Supp. 3d 310, 315 (S.D.N.Y. 2020) (granting release to non-violent 62-year-old who suffered from asthma, high cholesterol, blood clots, a thyroid condition, and suspected multiple myeloma); but see United States v. Seshan, No. 14 Cr. 620 (JFK), 2020 WL 2215458, at *4 (S.D.N.Y. May 6,

2020) (denying release to 47-year-old despite his "end-stage renal failure and hypertension" and the threat of COVID-19 because, inter alia, defendant had a history of violence and granting the motion would disserve important § 3553(a) sentencing factors).

Nevertheless, even if Mason could demonstrate administrative exhaustion, after considering the 3553(a) factors, the Court is not persuaded that extraordinary and compelling reasons exist to reduce his sentence.  Accordingly, Mason's motion is denied on the merits, and the Court need not resolve whether it is procedurally proper.

First, Mason has failed to articulate a sufficiently extraordinary or compelling reason why his sentence should be modified.  The foundation of Mason's motion is the threat COVID-19 poses to incarcerated individuals with underlying medical conditions.  Indeed, according to the Centers for Disease Control and Prevention ("the CDC"), older adults and people of any age who have serious underlying medical conditions may be at higher risk for a severe illness from COVID-19. See People at Increased Risk, Ctrs. for Disease Control & Prevention, supra. Here, however, Mason's age and health issues are not severe enough to warrant compassionate release.  Mason is 52, significantly younger than the CDC's former high-risk cutoff age of 65.  See id.  And, while the CDC has listed obesity (defined

7

as a body mass index of 30 or higher), heart conditions such as pulmonary hypertension (a specific and rare type of hypertension affecting the lungs and right side of the heart), and type 2 diabetes as potential risk factors for a severe illness from COVID-19, Mason's borderline readings for obesity, diabetes, and generalized hypertension cannot be characterized as such.  "The current COVID-19 pandemic is an unprecedented worldwide catastrophe.  But it does not warrant the early release of sentenced inmates in federal prisons convicted of serious, dangerous offenses, like [the defendant], whose medical conditions and risk of contracting the virus cannot be deemed 'extraordinary and compelling.'" United States v. Mood, No. 19 Cr. 113 (VB), 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020) (denying release to 53-year-old with diabetes, hypertension, and obesity where "[t]here is no question that [the defendant] has health issues, but his condition is stable and has been effectively managed by routine monitoring and medication"). Further, Mason does not suffer from other health conditions which rise to the level of COVID-19 risk factors looked to by the CDC and courts, such as cancer or immunocompromization. See, e.g., Park, 456 F. Supp. 3d at 563–64 (granting release to 44-year-old with a documented history of respiratory issues, including severe asthma and immune-compromising diseases); Smith, 454 F. Supp. 3d at 315; but see, e.g., United States v.

8

Cajigas, No. 08 Cr. 391 (VM), 2020 WL 6625210, at *2 (S.D.N.Y. Nov. 11, 2020) (denying release to 50-year-old with a body mass index of 35 because, inter alia, "in light of [his] age . . . and the fact that he presents no other health conditions, [the defendant's] obesity and pre-diabetes do not satisfy the extraordinary and compelling standard"); United States v. Kerrigan, No. 16 Cr. 576 (JFK), 2020 WL 2488269, at *3 (S.D.N.Y. May 14, 2020) (same for non-violent 43-year-old with obesity and liver disease).

Second, while the increase in infections at FCI Fort Dix may be an important factor in deciding whether extraordinary and compelling reasons exist to modify an inmate's sentence, the circumstances of Mason's incarceration and his health issues do not rise to the same level as others at FCI Fort Dix who were recently granted compassionate release. See, e.g., United States v. Davis, No. 15 Cr. 116 (TDC), 2020 WL 6785351, at *2 (D. Md. Nov. 18, 2020) (granting release to 52-year-old whose medical records indicated that he suffers from an autoimmune disorder); United States v. Weikel, No. 16 Cr. 20659, 2020 WL 6701914, at *3 (E.D. Mich. Nov. 13, 2020) (same for 68-year-old with severe cardiovascular issues including heart failure and atrial fibrillation); United States v. Mongelli, No. 02 Cr. 307 (NGG), 2020 WL 6449237, at *1 (E.D.N.Y. Nov. 3, 2020) (same for defendant with cancer and a weakened immune system).

Finally, and decisive here, even if Mason's age, health risks, and the COVID-19 pandemic could provide extraordinary and compelling reasons for a sentence reduction, application of the 3553(a) factors cripples his request and outweighs any justification for early release.  Here, the factors that weigh in Mason's favor, such as the need to provide necessary medical care, are overshadowed by the combined force of "the nature and circumstances of the offense" and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).  Indeed, Mason's offense conduct is among the most serious the Court has encountered: Mason engaged in a decade-long racketeering conspiracy that involved extraordinary acts of violence and brutality.  (PSR ¶¶ 52-66.)  For the same reasons that necessitated Mason's 30-year sentence, which are incorporated by reference here, the Court finds that modifying his term of incarceration would disserve the above important sentencing factors.  Accordingly, Mason's motion is denied. Cf. Cajigas, 2020 WL 6625210, at *3-4; Seshan, 2020 WL 2215458, at *4.

### III. Conclusion

For the reasons set forth above, Defendant Irving Mason's motion for a reduction in sentence is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 825.

**SO ORDERED.**

Dated: New York, New York
       December 31, 2020

John F. Keenan
United States District Judge