```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/02/2021
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :
     -against-                      :        No. 96 Cr. 126 (JFK)
                                    :
IRVING MASON,                       :        **OPINION & ORDER**
                                    :
                    Defendant.      :
------------------------------------X

APPEARANCES

FOR DEFENDANT IRVING MASON:
    Pro Se

FOR THE UNITED STATES OF AMERICA:
    Kyle A. Wirshba
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

On January 8, 2021, Defendant Irving Mason filed a pro se motion for reconsideration of the Court's January 5, 2021 Opinion & Order ("the January 5 Decision") which denied his request for a sentence reduction pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), commonly known as the compassionate release statute.[1]  (ECF No. 833.)  Mason's motion for reconsideration argues that the Court failed to consider that his sentence is greater than necessary pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a).

---

[1] This Order assumes familiarity with the January 5 Decision. See United States v. Mason, No. 96 Cr. 126 (JFK), 2021 WL 37576 (S.D.N.Y. Jan. 5, 2021).

1

On February 25, 2021, Mason filed a pro se letter informing the Court that, although he has received a vaccine for the deadly pandemic caused by the coronavirus, COVID-19, on February 22, 2021, Mason tested positive for the virus and is experiencing symptoms.  (ECF No. 838.)  Mason's letter argued that his contracting COVID-19 demonstrates that the conditions of his incarceration "are deplorable" and warrant his immediate release.

"[P]ro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).  Nevertheless, "[r]econsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).  "The Second Circuit has made clear that motions for reconsideration are to be denied except where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Stagg P.C. v. U.S. Dep't of State, No. 15

Civ. 8468 (KPF), 2019 WL 1863418, at *1 (S.D.N.Y. Apr. 25, 2019) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).  "Compelling reasons for granting a motion for reconsideration are limited to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Id. (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple.'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)); see also Stone v. Theatrical Inv. Corp., 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (observing that a motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced") (quotation marks omitted).

Mason's motion for reconsideration is without merit. First, as the Court noted in the January 5 Decision, "Mason . . . failed to articulate a sufficiently extraordinary or compelling reason why his sentence should be modified." United States v. Mason, No. 96 Cr. 126 (JFK), 2021 WL 37576, at *3

(S.D.N.Y. Jan. 5, 2021).  Accordingly, Mason was not entitled to a reduction in sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), independent of the sentencing factors set forth in 18 U.S.C. § 3553(a), including the need to ensure that a defendant's sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing. See 18 U.S.C. § 3582(c) (stating a court "may not modify a term of imprisonment once it has been imposed" without a finding that "extraordinary and compelling reasons warrant such a reduction").

Second, contrary to Mason's assertion that the Court failed to consider the § 3553(a) factors that were favorable to him, the Court did, and it nevertheless concluded that Mason's current sentence is not greater than necessary.  As the January 5 Decision explained, even if Mason had articulated "extraordinary and compelling reasons" for a sentence reduction, application of the § 3553(a) sentencing factors—including, inter alia, "the need for the sentence imposed to 'reflect the seriousness of the offense,' 'promote respect for the law,' 'provide just punishment for the offense,' [and] 'afford adequate deterrence to criminal conduct'"—outweighed any justification for Mason's early release or a modification to his sentence. Mason, 2021 WL 37576, at *4.  "Indeed," the Court explained, "Mason's offense conduct is among the most serious

4

the Court has encountered:  Mason engaged in a decade-long racketeering conspiracy that involved extraordinary acts of violence and brutality." Id.

Finally, the Court is not persuaded that Mason's recent positive COVID-19 test warrants his immediate release—indeed, quite the opposite.  While "[t]he nature of prisons—crowded, with shared sleeping spaces and common areas, and often with limited access to medical assistance and hygienic products—put those incarcerated inside a facility with an outbreak at heightened risk," United States v. Park, 456 F. Supp. 3d 557, 560 (S.D.N.Y. 2020), here, Mason will receive treatment from the Bureau of Prisons.  Having now contracted the virus, and received a vaccine against it, the fundamental and overriding purpose of Mason's initial request for immediate release—i.e., the desire to remove him from an environment where he may contract the virus—is significantly less compelling than when the January 5 Decision concluded that Mason's immediate release was not warranted. See, e.g., United States v. Rodriguez-Francisco, No. 13 Cr. 233 (VB), 2021 WL 326974, at *2 (S.D.N.Y. Feb. 1, 2021) (explaining that "a sentence reduction based on the risk of contracting [COVID-19] again makes no sense" where the defendant tested positive for the virus in December 2020 and, although he claimed "to have lingering effects," "his risk of reinfection is extremely low" "because he has already had

5

(and fortunately recovered from) the disease") (citing the Centers for Disease Control and Prevention's website).

Accordingly, Mason's motion for reconsideration is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 833.

**SO ORDERED.**

Dated:   New York, New York
         March 2, 2021

                                    John F. Keenan
                                    United States District Judge